# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR94 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| | ) | |
| THOMAS WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Filing No. 464).

Defendant Thomas Wilson was sentenced on February 12, 2007, to a term of 120 months incarceration on Count I of the Indictment, "to run concurrent with the sentence imposed in case 8:04cr58." (Amended Judgment, Filing No. 427 at 2.) At the time of sentencing, the Court also accepted the parties' plea agreement, Filing No. 309. In the plea agreement, the parties agreed that "the Defendant should be sentenced to 120 months' imprisonment." (*Id*. at ¶ 7.) The parties also agreed that "this sentence should run concurrent with the sentence the Defendant is already serving." (*Id*.) The Court recommended to the Bureau of Prisons that the Defendant "receive credit for time served." (Filing No. 427 at 2.)

Wilson now asks the Court to "correct" his sentence by directing the Bureau of Prisons to give him credit on this sentence for the time he served on the sentence imposed in case 8:04cr58 before the sentencing herein.

First, the Court will assume, without deciding, that equitable tolling applies and that the Defendant's Motion is timely. Second, the Defendant's Motion is premised on the assumption that the Court intended that he receive credit on this sentence for time he served in case 8:04cr58 before the sentencing herein. That assumption is incorrect. Third,

the Defendant acknowledges that Guideline § 5G1.3(b) is inapplicable, because the term of imprisonment imposed in case 8:04cr58 did not result from another offense that is relevant conduct to the instant offense, but the Defendant suggests that the Court could have used Guideline § 5G1.3(c) to give him credit on this sentence for time he served in case 8:04cr58 before the sentencing herein. Application Note 3E, under Commentary for § 5G1.3, states: "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment." If the Court had intended to achieve the result the Defendant suggests, the Court would have crafted a downward departure as described in Note 3E for the "extraordinary case." This was not such a case.

The Court regrets any confusion caused by the reference to "credit for time served" at sentencing and in the Amended Judgment. That standard language is meant to insure that a defendant receives credit for any time he has spent in custody for the offense at issue.

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Filing No. 464) is denied; and

2. A separate Judgment will be entered.

DATED this 26th day of December, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge